Dewey, J.
This was a prosecution against a justice of the peace for oppression under colour of his office. The Circuit Court quashed the indictment on the motion of'the defendant.
H. O’Neal, for the State.
J. Pitcher, for the defendant.
The objection urged against the indictment is, that the defendant is not described by the addition of his degree, or mystery, and place of residence.
By the common law no addition was required in indictments against persons under the degree of a knight. 1 Chitt. C. L., 204. The statute of additions, 1 Hen., 5. c. 5. enacts that defendants shall be described by adding to their names their estate, degree, or mystery, and place of residence, in all cases in which “the exigent shall be awarded.” It has *been held, in the construction of this statute, that in prosecutions which can not be attended by the process of outlawry, the indictment need not give the addition of the defendant. 1 Chitt. C. L., 206; Bac. Abr. Indictment, 2. Ib. Misnomer, 2; Rex v. Brough, 1 Wils., 244; Cro. Eliz., 148. The exigent, being a step in the proceedings of outlawry, is unknown to our law.
It is, therefore, evident that the statute of additions, from its own terms, is not applicable to prosecutions in this State; and it is equally clear, that the common law does not require the defendant to be described by his addition in our indictments. The Circuit Court erred in quashing the indictment.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.